IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,858-02






EX PARTE CHAD PETER FOWLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-34,309 IN THE 244TH DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of
habitation and sentenced to twelve (12) years' imprisonment. The Eleventh Court of Appeals
dismissed his appeal for want of jurisdiction. See Fowler v. State, No. 11-08-00173-CR, (Tex.
App.- Eastland, 2008, no pet.) (not designated for publication). 

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel coerced him into accepting the State plea bargain offer for 12 years' confinement following
the jury's finding of guilt. The plea deal included a waiver of Applicant's right to appeal and
Applicant's right to file motion for a new trial. Applicant alleges that counsel told him that he did
to want to represent him if he elected to have the jury assess punishment. Applicant alleges that he
felt like he had no choice but to accept the plea deal. Applicant further alleges that counsel was
ineffective for failing to"capitalize" on the fact that the complainant admitted on the stand that she
was bribing/blackmailing the defendant. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing the following: (1) whether counsel believes that
accepting the plea deal for 12 years' confinement was in Applicant's best interest and, if so, why;
(2) whether counsel told Applicant that he would not represent him if he elected to have the jury
assess punishment and, if so, why; (3) whether counsel believes that Applicant knowingly freely,
and voluntarily entered into the plea deal with the State and, if so, why; (4) whether counsel advised
Applicant as to the consequences of signing the waiver of his right to file a motion for a new trial
and his right to appeal; (5) whether counsel believes that Applicant understood that he was waiving
his right to appeal issues related to the guilt phase when he signed the waiver of appeal; and, (6)
whether counsel capitalized on the fact that the complainant admitted on the stand that she was
bribing/blackmailing the defendant. Also, the trial court shall instruct the clerk to supplement the
record with copies of the written plea bargain agreement and the transcription of the court reporter's
notes from the sentencing portion of trial.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel believes that accepting
the plea deal for 12 years' confinement was in Applicant's best interest. The trial court shall also
make findings of fact as to whether counsel told Applicant that he would not represent him if he
elected to have the jury assess punishment. The trial court shall also make findings of fact as to
whether Applicant knowingly, freely, and voluntarily entered into the plea deal with the State. The
trial court shall also make findings of fact as to whether counsel advised Applicant as to the
consequences of signing the waiver of his right to file a motion for a new trial and his right to appeal. 
The trial court shall also make findings of fact as to whether counsel believes that Applicant
understood that he was waiving his right to appeal issues related to the guilt phase when he signed
the waiver of appeal. The trial court shall also make findings of fact as to whether counsel
capitalized on the fact that the complainant admitted on the stand that she was bribing/blackmailing
the defendant. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 10, 2009

Do not publish